## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KATHLEEN M. BAZYLEWICZ,
　　　　　　Appellant,

　　　　　v.

DEPARTMENT OF THE NAVY,
　　　　　　Agency.

DOCKET NUMBER
AT-0752-13-3506-I-1

DATE: October 6, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kathleen M. Bazylewicz, Jacksonville, Florida, pro se.

Brenda Vosguanian, Esquire, and Jacquelyn Wright, Esquire, Port
　　Hueneme, California, for the agency.

Henry Karp, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1　　　　The appellant has filed a petition for review of the initial decision, which affirmed the agency's furlough action.[2] Generally, we grant petitions such as this

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2      The appellant is an Attorney-Advisor, GS-0905-14, with the Naval Facilities Engineering Command, Southeast (NFECSE), in Jacksonville, Florida. Initial Appeal File (IAF), Tab 8 at 4.  On August 2, 2013, she filed this appeal of the agency's decision to furlough her for budgetary reasons in response to the sequestration necessitated by the American Taxpayer Relief Act of 2012, Pub. L. No. 112-240, 126 Stat. 2313 (2013), and the Budget Control Act of 2011, Pub. L. No. 112-25, 125 Stat. 240.  IAF, Tab 1.  The appellant and others at the facility received notice that the agency had proposed to furlough them for up to 11 nonconsecutive work days (88 hours) during fiscal year 2013.  *Id.* at 11-13. After they had an opportunity to respond, *id.* at 14-16, the agency issued a decision, *id.* at 17-20.  The employees in the consolidation served 48 hours of furlough time before the agency cancelled the furlough.  Consolidated Appeal

---

[2] Pursuant to 5 C.F.R. § 1201.36(a), this appeal was part of a consolidation, *In Re Naval Facilities Engineering Command, Jacksonville (D.O. Gober)*, MSPB Docket No. AT‑0752-14-0292-I-1.

File (CAF), Tab 6 at 8, Tab 7; Complete Department of the Navy Administrative Record for FY 2013 Furlough Appeals, part 1 at 10.[3]

¶3 As many appellants from NFECSE raised the same or similar issues, the administrative judge consolidated the appeals under the caption *In Re Naval Facilities Engineering Command, Jacksonville (D.O. Gober)*, MSPB Docket No. AT-0752-14-0292-I-1. CAF, Tab 1. The appellants were given the opportunity to testify or present arguments at the hearing and to submit individual close‑of‑record submissions. CAF, Tab 10. The appellant did not attend the hearing, CAF, Tab 18, Initial Decision (ID) at 2-3, but she submitted a pleading titled Appellant's Supplemental Statement presenting her own arguments, IAF, Tab 10.

¶4 The administrative judge issued an initial decision finding that the agency met its burden to establish the factual basis for the furlough and that it promoted the efficiency of the service. ID at 3-10; *see Chandler v. Department of the Treasury*, 120 M.S.P.R. 163, ¶¶ 8-9 (2013). In doing so, the administrative judge thoroughly addressed several arguments that the appellants had raised and found them to be unavailing. These arguments included some of the appellants' assertion that the agency could have avoided the furlough by managing its budgetary affairs differently, and that the Department of the Navy had sufficient funds to avoid a furlough entirely and was improperly included in the furlough of employees conducted by its parent agency, the Department of Defense. ID at 3-4. The administrative judge also addressed the appellants' assertion that, as employees in positions funded through Working Capital Funds, they were exempt from a furlough. ID at 4-5.

¶5 The administrative judge additionally addressed the appellants' contention that the agency denied them due process by failing to conduct an individualized

---

[3] This group of agency-submitted documents pertains to all Department of the Navy appeals of the 2013 sequestration furlough. It is located on the Board's website at www.mspb.gov/furloughappeals/navy2013.htm.

analysis for each affected employee before imposing the furlough.  ID at 5-6.  He likewise addressed their allegations of harmful procedural error and found the claims to be without merit.  ID at 6.  Some of the appellants argued that the furloughs were improper pursuant to 29 C.F.R. § 541.602[4] because they were exempt employees under the Fair Labor Standards Act (FLSA).  *See* 29 U.S.C. § 213(a)(1).  The administrative judge found this claim to be without merit.  ID at 6-7.

¶6       The administrative judge addressed the appellants' allegations that the deciding official lacked the authority to reach any decision other than one sustaining the furloughs.  He explained that the deciding official had testified credibly and without contradiction that he had the authority not to furlough employees to whom authorized exemptions applied.  ID at 7.  The administrative judge addressed similar arguments raised by attorneys in the Office of General Counsel, who asserted that the deciding official lacked the authority to furlough them under agency regulations.  ID at 8.  The administrative judge determined that the agency's General Counsel specifically delegated such authority to deciding officials designated for the furlough.  *Id.*

¶7       An appellant in the consolidation group asserted that the furlough had not been applied in a fair and even manner concerning employees of the agency's Office of Inspector General because field employees were furloughed, whereas headquarters employees were not.  *Id.*  The administrative judge determined that these two groups of employees were in different organizational units, which could be treated as separate competitive areas under the reduction-in-force principles governing the administration of furloughs.  ID at 8-9; *see Chandler*, 120 M.S.P.R. 163, ¶ 5.

---

[4] "An employee is not paid on a salary basis if deductions from the employee's predetermined compensation are made for absences occasioned by the employer or by the operating requirements of the business."  29 C.F.R. § 541.602.

¶8     Another appellant argued that he should have been exempt from the furlough because his position had been designated as "critical," and he was an essential employee as a member of the Crisis Action Team. The administrative judge explained that the deciding official specifically stated that these attributes did not bring that appellant within one of the authorized exceptions to the furlough. ID at 7. Moreover, the appellant could have been recalled if circumstances had warranted, and the agency was in the best position to determine which positions and programs were mission-critical in the context of a furlough. *Id.*

¶9     Furthermore, the administrative judge addressed an appellant's assertion regarding the perceived inequities in the distribution of overtime hours and the scheduling of work hours during the furlough period. ID at 9. Such inequities would have allowed some, but not all, furloughed employees the opportunity to mitigate their financial losses, raising the likelihood that the furlough had been implemented inconsistently. *Id.* The administrative judge found that the record reflected a consistent and uniform implementation of the furlough, and, further, that permitting overtime to meet mission critical needs was a matter within the agency's sound discretion. *Id.*

¶10    On review, the appellant argues that the administrative judge failed to read her Supplemental Statement or "take [her] evidence into consideration . . . therefore ignoring material facts in [her] appeal." Petition for Review (PFR) File, Tab 1 at 4. She points out that the administrative judge thus "denied [her] meaningful due process," and he committed harmful error when he "apparently rubber-stamped [her] appeal without providing real review or due process." *Id.* She also argues that the administrative judge made an error of fact when he "failed to correct the Agency's assertion that [she] did not serve the full six days of furlough." *Id.* at 5. She additionally argues that the deciding official lacked the authority to furlough her because he was not an attorney, and that "[a]gency procedures for consideration of furloughing attorneys were not followed." *Id.*

She asserts that her work was sufficiently critical to require the agency to approve overtime hours, which indicates that she should not have been furloughed. *Id.* She argues, moreover, that, as an exempt employee under the FLSA, she should have been allowed to take annual leave rather than serve furlough hours. *Id.*

¶11    Most of the arguments the appellant raised on review are addressed in the initial decision, including the deciding official's authority to furlough attorneys, ID at 8; the applicability of the furlough to exempt employees under the FSLA, ID at 6-7; the agency's discretionary use of overtime, ID at 9; and the agency's discretionary decisions regarding which employees fell within one of the authorized exceptions, ID at 9. Likewise, her Supplemental Statement raised arguments addressed in the initial decision, including the assertion that the Department of the Navy did not need to furlough employees. ID at 3-4.

¶12    To the extent that the appellant generally is asserting that the administrative judge violated her right to due process by failing to read her Supplemental Statement and to consider her arguments therein, we note that the fact that the initial decision does not contain a particularized recitation of her evidence and arguments does not indicate that the administrative judge ignored them. *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984) (holding that the administrative judge's failure to mention all of the evidence of record did not mean that he did not consider it in reaching his decision), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

¶13    Finally, the appellant raised one issue that requires additional explanation: the number of furlough hours she served. In her Supplemental Statement and her petition for review, she has asserted that she served 48 hours of furlough time. IAF, Tab 10 at 5-6; PFR File, Tab 1 at 3, 5. On review, she also asserts that the administrative judge "failed to correct the agency's assertion that [she] did not serve the full six days of furlough." PFR File, Tab 1 at 5. The initial decision, however, states that "[e]ach appellant was actually furloughed for only 6 work days/48 hours." ID at 2. Moreover, the undisputed record shows that some of her

scheduled furlough hours were offset by "additional work performed outside of her scheduled furlough hours," which were "paid at her regular rate of pay." IAF, Tab 8 at 6-7, 9-25. The appellant's assertion that the administrative judge failed to correct the agency record is thus based on a misconception, and her argument is unavailing. Accordingly, we affirm the initial decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:              _____
                                      Jennifer Everling
                                      Acting Clerk of the Board

Washington, D.C.